UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD ANDREW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02549-SEB-TAB |
| ) | |
| WEXFORD OF INDIANA, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING DEFENDANTS' MOTION TO TRANSFER CASE**

While he was incarcerated in 2019, Donald Andrew underwent an ileostomy following the removal of a malignant tumor from his colon. This lawsuit is based on Mr. Andrew's allegations that Dr. Michael Mitcheff and his employer, Wexford of Indiana, LLC, delayed the reversal of Mr. Andrew's ileostomy for over a year.

The defendants have moved to transfer this action to the Northern District of Indiana, where it would proceed alongside two lawsuits concerning Mr. Andrew's colon cancer and ileostomy. For the reasons that follow, the defendants' motion to transfer is denied.

### I. Proper Venue

A plaintiff may bring a federal lawsuit in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might be brought . . . ." 28 U.S.C. § 1404(a).

Wexford maintains a principal place of business in this district. *See* dkt. 17 at 3. At all times relevant to the action, Dr. Mitcheff was Wexford's regional medical director and resided in this district. *See* dkt. 20-1. He moved to Florida in November 2021, after this lawsuit was filed. *Id.* There is no dispute, then, that this district is a proper venue for the action under § 1391(a).

Meanwhile, it is not clear that the Northern District is a proper venue under either provision.

Mr. Andrew seeks damages under 42 U.S.C. § 1983. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).

According to the complaint, Mr. Andrew was located in the Northern District when he became ill, underwent his ileostomy, and received and recovered from cancer treatment. However, he does not allege that Dr. Mitcheff participated in any of those processes or was ever present with him in the Northern District. Rather, the complaint alleges that Dr. Mitcheff refused recommendations and requests for a colonoscopy and an ileostomy reversal. The complaint alleges that Dr. Mitcheff rendered these denials remotely, and the defendants do not argue otherwise.

In sum, neither defendant is or was located in the Northern District, and none of the events at issue in this complaint—Dr. Mitcheff's decisions—took place there. Regardless of the relationship between this action and other actions that did take place in the Northern District, the defendants have not demonstrated that it is a proper venue.

## II. Transfer for Convenience and Interest of Justice

If Mr. Andrew could have brought this action in the Northern District, that would not be the end of the inquiry. On a motion of transfer under § 1404, the Court "must evaluate both the convenience of the parties and various public-interest considerations." *In re Ryze Claims Solutions*, 968 F.3d 701, 707–708 (2020) (quoting *Atlantic Marine Construction v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62 & n.6 (2013)). In weighing the public interests and the interests of justice, the Court "may consider several factors," including:

- docket congestion;
- likely speed to trial in both districts;
- each court's relative familiarity with the governing law;
- the desirability of resolving the plaintiff's claims in one venue as opposed to the other; and
- the relationship of each community to the controversy.

*Id.* at 708 (citing *Rsch. Automation v. Schrader-Bridgeport Int'l*, 626 F.3d 973, 978 (7th Cir. 2010)). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus.*, 347 F.3d 662, 663–64 (7th Cir. 2003). "There is a strong presumption in favor of the plaintiff's choice of forum." *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir. 2003).

None of the relevant considerations weighs so heavily in the defendants' favor as to undo the strong presumption favoring Mr. Andrew's choice to bring this action here.

None of the parties is located in the Northern District. One—Mr. Andrew—resides in this district. The action is arguably more closely linked to the Northern District given that Mr. Andrew was incarcerated and treated there during the time in question. But that argument is mitigated

significantly by the fact that none of the defendants' actions took place in the Northern District and that none of the parties is located there.

The defendants have identified two likely witnesses located in the Northern District. Dkt. 17 at 3. Mr. Andrew has identified at least two—himself and personnel from the Greene Superior Court—in the Southern District. Dkt. 19 at 6. The defendants do not contend that proceeding in this district would render any witness unavailable. Neither party contends that the venue makes a difference in terms of accessing documentary evidence.

The defendants assert that transfer "would expedite and ease litigation of this case" because of its relationship to the two cases already pending in the Northern District. Dkt. 20 at 2. It may be true that the cases are "intimately related and have expansive, overlapping medical facts." *Id.* at 3. But the defendants have not clarified why evidence disclosed or discovered in one case would necessarily be less available in another if they proceed in different courts. Perhaps hearing all three actions in one venue would streamline some proceedings and lead to quicker resolution, but that is by no means clear.

### III. Conclusion

It is not clear that the Northern District is a proper venue for this action. If it is, transfer would promote *some* interests of justice, and it would be more convenient for *some* litigants and witnesses. But that balance does not so clearly favor the defendants as to overcome the "strong presumption in favor of the plaintiff's choice of forum." *Zelinski*, 335 F.3d at 643. The defendants' motion to transfer, dkt. [16], is **denied**. The defendants will have **fourteen days** to answer the complaint.

**IT IS SO ORDERED.**

Date: 2/14/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Stevie J. Pactor
ACLU OF INDIANA
spactor@aclu-in.org